UNITED STATES of America,
Plaintiff–Appellee,

v.

James Stephon JOHNSON,
Defendant–Appellant.

No. 05–50830.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2006.

Filed April 4, 2008.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Shannon P. Ryan, Esq., United States Attorney, Asst. U.S. Attorney, Narcotics Section, Los Angeles, CA, for Plaintiff–Appellee.

Dean R. Gits, Esq., Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILER,* TASHIMA, and BEA, Circuit Judges.

## MEMORANDUM **

Defendant James Stephon Johnson appeals his 120–month sentence for possessing cocaine base (crack cocaine) with intent to distribute, claiming that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm.

Relying on *United States v. Medina Casteneda*, 511 F.3d 1246, 1248–49 (9th

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2008), Johnson argues that the district court did not recognize its discretion to consider the disparity between crack and powder cocaine under the Sentencing Guidelines. However, the facts of this case distinguish it from *Medina Castaneda*, in which the district court stated: " 'I don't believe it's appropriate for the Court to specifically reduce a sentence under 18 U.S.C. [§ ]3553(a) on the basis that the Congress and the U.S. Sentencing Commission are wrong in establishing different penalties for different types of controlled substances.' " *Id*.

In this case, the government conceded at sentencing that the district court had discretion to consider the disparity between crack and powder cocaine under the Sentencing Guidelines. Nowhere did the court indicate that it lacked discretion to consider the disparity. The court's comment about Congress concerned minimum sentences, not the disparity between crack and powder cocaine. Further, the court properly considered evidence of Johnson's involvement with greater quantities of drugs and specifically referenced the § 3553(a) factors. During sentencing, the court stated: "The Court has considered the provisions of Title 18 United States Code Section 3553(a), that while [Johnson] was dealing narcotics it was at least shown to me based upon questions that they determined from phone taps that he was involved in much greater quantities than that which he was found." The court reasonably found that Johnson did not deserve a downward departure from the Sentencing Guidelines, and the court correctly recognized the advisory nature of the Sentencing Guidelines and that it had sentencing discretion. *See United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir.2005).

Although we find no error in the district court's actions, Johnson may still move the district court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the Sentencing Guidelines that reduces penalties for crack cocaine offenses. *See* USSG § 1B1.10 (2008).

**AFFIRMED.**

TASHIMA, Circuit Judge, dissenting:

I respectfully dissent because this disposition is contrary to binding circuit precedent.

Johnson was sentenced to a 120–month term of imprisonment for possession of crack cocaine with intent to distribute. At the sentencing hearing, this exchange occurred between counsel for defendant and the court:

> [MR. SALSEDA:] Finally, Your Honor, we've argued that the crack cocaine guidelines are overstated. One, they overstate this particular man's maliciousness. Two, they create unwarranted disparity. There's an unwarranted disparity between crack and pot or cocaine, and it's been shown this has a disproportionate impact on African–Americans. Specifically, if the same amount of cocaine base or cocaine powder and all things were the same, Mr. Johnson would be in a guideline range of 27 to 33 months.
>
> THE COURT: Statistics don't show any difference really in terms of those matters which are when you compare what happens to Hispanics in terms of methamphetamine and cocaine, it just doesn't make any difference, or heroin, they're all the same. And the problem is that's a question for Congress to decide.

In *United States v. Casteneda*, 511 F.3d 1246 (9th Cir.2008), the sentencing court similarly stated:

> I don't believe it's appropriate for the Court to specifically reduce a sentence

under 18 U.S.C. 3553(a) on the basis that the Congress and the U.S. Sentencing Commission are wrong in establishing different penalties for different types of controlled substances.... To the extent the difference in penalties are out of whack, it's for the Congress to change them, not this trial court.

*Id.* at 1248–49 (alteration in the original). Based on the foregoing colloquy, because the sentencing court's "statements demonstrate[d] that the district court did not foresee the extension of its *Booker* discretion that would be announced ... in Kimbrough," we vacated the sentence and remanded for the district court "to reconsider the sentence in light of the Kimbrough decision and to determine whether the disparity between crack and powder cocaine produced a sentence 'greater than necessary' under § 3553(a)." *Id.* at 1249.

Given the similarity in circumstances, *Casteneda* controls this case.[1] Because I would vacate the sentence and remand for resentencing in light of *Casteneda,* I respectfully dissent.

---

1. The majority attempts to distinguish this case from *Casteneda* by concluding that "[t]he court's comment about Congress concerned minimum sentences, not the disparity between crack and powder cocaine." While it is true that some of the court's comments concerned statutory minimum sentences, immediately after those comments defense counsel correctly stated that "in this case ... there's no mandatory minimum," to which the court replied: "Well, I understand that," and moved on to other matters.